**Julia Soriano ANSELMO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 02–74360.
Agency No. A19–160–876.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided June 20, 2005.

Lourdes Santos Tancinco, Esq., J. Antonio Nierras, Tancinco Law Offices, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

122

MEMORANDUM **

Julia Soriano Anselmo petitions for review of the judgment of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") decision denying her claims for asylum and withholding of removal. For the reasons stated below, we deny Anselmo's petition for review.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). The IJ found that Anselmo failed to meet her burden for establishing eligibility for asylum and withholding of removal because she was not a credible witness. Moreover, the IJ made two additional alternative findings: first, even if the petitioner were credible, the alleged incident did not rise to the level of persecution; and second, even if Anselmo were credible and the incident constituted persecution, the conditions in the Philippines have changed such that she no longer has a well-founded fear of persecution.

Substantial evidence supports the IJ's adverse credibility determination. *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004) (stating standard). The IJ based this determination on Anselmo's lack of detail, implausible explanation, and contradictions. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–53 (9th Cir.1999). Upon review of the record, we conclude that Anselmo's testimony was inconsistent with her declaration, and lacked specificity. These inconsistencies were not minor; rather, they went to the heart of petitioner's claim for relief because they dealt with the details of her alleged persecution and her alleged membership in a statutorily protected group. *de Leon–Barrios v. INS,*

116 F.3d 391, 392–94 (9th Cir.1997). Moreover, Anselmo failed to bolster her claims with easily available, material, corroborative evidence from her relatives in the United States. *Chebchoub v. INS,* 257 F.3d 1038, 1044–45 (9th Cir.2001).

Even if the petitioner were credible, substantial evidence supports the IJ's alternate holding that the alleged incident does not rise to the level of persecution. *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995); *see also Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). The petitioner did not challenge the final alternate finding of changed country conditions, so we do not address it. *Chebchoub,* 257 F.3d at 1045 (noting that the court considers an issue not briefed on appeal to be abandoned). Finally, Anselmo's due process claim is without merit. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995); *see also Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.